IN THE COURT OF CRIMINAL 
APPEALS


OF TEXAS






WR-40,438-02




EX PARTE JACKIE BARRON WILSON







ON APPLICATION FOR WRIT OF HABEAS CORPUS

IN CAUSE NO. F89-96282 FROM THE


CRIMINAL DISTRICT COURT NUMBER 3 OF DALLAS 
COUNTY




Per 
Curiam. Price, J., not 
participating. 

ORDER

This is a subsequent application for habeas 
corpus filed pursuant to Texas Code of Criminal Procedure, Article 11.071, 
Section 5. Applicant asserts he is entitled to a new punishment hearing because 
his trial counsel did not completely investigate his background to present 
mitigating evidence to the jury.
Applicant was convicted of capital murder on 
September 27, 1989, but this Court reversed the conviction and remanded for a 
new trial. Applicant was again convicted on June 14, 1994. We affirmed the 
conviction and sentence. Wilson v. 
State, No. 71,947 (Tex. Crim. 
Wilson -2-
App. February 12, 1997). On June 2, 1997, 
applicant filed his initial application for writ of habeas corpus pursuant to 
Article 11.071. We denied relief. Ex 
parte Wilson, No. WR-40,348-01 (Tex. Crim. App. March 31, 1999). Applicant 
admits that the legal and factual basis for this claim was available when he 
filed his initial application but asserts that he is allowed consideration of 
this subsequent claim because he did not fail to exercise due diligence in 
attempting to but failing to obtain the information before his initial 
application was filed. We disagree.
We have reviewed this application and find that 
it does not meet the requirements for consideration of subsequent claims under 
the provisions of Texas Code of Criminal Procedure, Article 11.071, section 
5(a)(1). This subsequent application is dismissed as an abuse of the writ and 
the Motion for Stay of Execution is denied.
IT IS SO ORDERED THIS THE 1ST DAY 
OF MAY, 2006.
Do Not Publish